IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERTA L. BAILEY,**

        **Plaintiff,**

  vs.                           **Civil Action 2:11-CV-1137**
                                    **Judge Marbley**
                                    **Magistrate Judge King**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

        **Defendant.**

### OPINION AND ORDER

     This action seeks review of the administrative decision denying plaintiff's application for disability insurance benefits and supplemental security income.  On January 28, 2013, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that the action be dismissed.  *Report and Recommendation*, Doc. No. 18.  This matter is now before the Court on plaintiff's objections to that recommendation.  *Objections to Report and Recommendation*, Doc. No. 19.  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

     The administrative law judge found that plaintiff's severe impairments consist of a seizure disorder, a hypercoaguable state with remote lower left extremity deep vein thrombosis and thromboses, and migraine headaches.  *PAGEID* 68.  The administrative law judge also

found that plaintiff's impairments neither meet nor equal a listed impairment. *PAGEID* 69.  The administrative law judge went on to find that plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can occasionally climb ramps and stairs, cannot climb ladders, ropes and scaffolding.  She should avoid all exposure to workplace hazards such as dangerous machinery and unprotected heights, as well as sharp objects. *PAGEID* 70.  Although this residual functional capacity precluded plaintiff's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs in the national economy. *PAGEID* 76-77.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from June 18, 2009, through the date of the administrative law judge's decision. *PAGEID* 77.

   In the *Statement of Errors* considered by the Magistrate Judge, plaintiff challenged (1) the Commissioner's determination that plaintiff's subjective complaints were not credible to the extent that they are inconsistent with the residual functional capacity assessment found by the administrative law judge and (2) the Commissioner's failure to include depression among plaintiff's severe impairments.  The Magistrate Judge rejected both challenges.

Specifically, the Magistrate Judge concluded that "the administrative law judge carefully considered the plaintiff's subjective complaints in light of the objective evidence, noted and applied all appropriate standards and clearly articulated the bases of his credibility determination."  *Report and Recommendation*, p. 16.  The Magistrate Judge accordingly determined that the administrative law judge's credibility determination enjoyed substantial support in the record.  *Id*.  The Magistrate Judge also rejected plaintiff's challenge to the administrative law judge's exclusion of depression from plaintiff's severe impairments.  Plaintiff argued in her *Statement of Errors* that Dr. Virgil's GAF score of 50 and Dr. Moore's GAF score of 60 and treatment notes establish that plaintiff's depression is a severe impairment.  *Statement of Errors*, pp. 12-14.  The Magistrate Judge specifically determined that "Dr. Virgil's clinical evaluation and narrative assessment of plaintiff's mental impairment, in which he noted either no or only mild limitation of function, is entirely inconsistent with the GAF score assigned by him."  *Report and Recommendation*, p. 17.  The Magistrate Judge also found that "Dr. Moore's few treatment notes articulated no limitation of function by reason of plaintiff's depression."  *Id*.  "Under these circumstances, and considering that the state agency psychologist opined that plaintiff has no severe mental impairment," the Magistrate Judge concluded that the administrative law judge's failure to include

depression among plaintiff's severe impairments was supported by substantial evidence.  *Id*. at pp. 17-18.

Plaintiff's objections raise the same arguments presented in her *Statement of Errors* and considered by the Magistrate Judge.  The Court has carefully considered those objections, as well as the entire record in this action.  For the reasons articulated in the *Report and Recommendation*, the Court concludes that those objections are without merit.

Plaintiff's *Objections to Report and Recommendation*, Doc. No. 19, are **OVERRULED**.  The *Report and Recommendation*, Doc. No. 18, is **ADOPTED AND AFFIRMED**.  The decision of the Commissioner of Social Security is **AFFIRMED**.  This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


　　　　　　　　　　　　　　　　　　s/Algenon L. Marbley
　　　　　　　　　　　　　　　　　　Algenon L. Marbley
　　　　　　　　　　　　　　　United States District Judge